# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EUGENE RICE IV,** | : | **CIVIL NO. 3:16-CV-1021** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **DAUPHIN COUNTY PRISON, DAUPHIN COUNTY COMMISSIONERS,** | : : : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a civil rights complaint filed by Eugene A. Rice, IV ("plaintiff"), an inmate incarcerated at the Dauphin County Prison, Harrisburg, Pennsylvania. (Doc. 1.) Named as defendants are the Dauphin County Prison and the Dauphin County Commissioners. Plaintiff seeks to proceed *in forma pauperis*. (Doc. 6.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. Standards of Review

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that the action "(I) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. §1915(e)(2)(B)(I) - (iii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they

2

are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.     Allegations of the Complaint

Plaintiff alleges that, on or about April 15, 2016, he was falsely accused of possessing a cell phone and "locked up in the Sag's for four days." (Doc. 1, p. 17). During this time period, he allegedly was subjected to cruel and unusual punishment in that he was unable to brush his teeth or take a shower, *inter alia*. He seeks compensation in the amount of $250,000.00. (Id. at 18).

Plaintiff also alleges that upon being released from the "Hole" on April 29, 2016, over 4000 pages of his "Discovery" was missing from his property. (Id. at 14). He did not receive a confiscation receipt and his written requests for return of the documents went unanswered. (Id.) Allegedly, cosmetics valued at twenty dollars were also missing from his property. (Id.) He avers that he received no response to his written requests concerning the missing cosmetics. (Id.) He seeks compensation in the amount of $10,000.00 for his missing property. (Id. at 15).

## III.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute

provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

Plaintiff names the Dauphin County Prison as a defendant. However, a county jail is not a proper defendant because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Nesmith v. Beaver County Jail, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D. Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.) Consequently, the complaint against the Dauphin County Prison is subject to dismissal.

Plaintiff also seeks to impose liability on the Dauphin County Commissioners based solely on their roles as policymakers or supervisory officials. Individual liability will be

imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. Plaintiff fails to allege that the Commissioners knew of, and acquiesced in, or played an affirmative part in, the alleged unconstitutional conduct. The complaint against them will be dismissed.

Alternatively, even had he named sufficient persons or alleged personal liability, the complaint would still be subject to dismissal. Plaintiff alleges that the inability to engage in certain hygiene rituals, such as brushing his teeth and taking a shower, during his four day "Sag's" confinement, amounted to cruel and unusual punishment. "The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.' " Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). In order to state an Eighth Amendment claim, a plaintiff must allege "a sufficiently serious objective deprivation" that poses "a substantial risk of serious harm" to his health or safety. Tillman,

221 F.3d at 418; Farmer, 511 U.S. at 834. The objective component is narrowly defined. "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Eighth Amendment does not mandate that prisons be free of discomfort. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Id. A prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citing Rhodes, 452 U.S. at 347). These needs include "food, clothing, shelter, sanitation, medical care and personal safety." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). "In reviewing this type of claim, courts have stressed the duration of the complainant's exposure to the alleged unconstitutional conditions and the 'totality of the circumstances' as critical to a finding of cruel and inhumane treatment. Mitchell v. Dodrill, 696 F. Supp. 2d 454, 466 (M.D. Pa. 2010), quoting Rhodes, 452 U.S. at 362–63. Moreover, the focus must be on the deprivation of a particular basic necessity, as explained by the United States Supreme Court: "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a

6

failure to issue blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of single human need exists." Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). See also Tillery v. Owens, 907 F.2d 418, 427 (3d Cir. 1990) (elaborating on factors to be considered, including "food, medical care, sanitation, control of vermin, lighting, heating, ventilation, noise level, bedding, furniture, education and rehabilitation programs, safety and security and staffing") (citing Peterkin v. Jeffes, 855 F.2d 1021, 1025–26 & n. 7 (3d Cir. 1988)). While this Court does not condone Plaintiff's inability to access proper hygiene amenities during his four-day stint in "Sag's" confinement, it cannot be said that exposure to such conditions for such a short period of time rises to the level of cruel and unusual punishment.

He fares no better with regard to his deprivation of property claims. The Supreme Court has made it clear that neither a negligent nor intentional deprivation of property violates the Due Process Clause where meaningful post-deprivation remedies for the loss are available. Hudson v. Palmer, 468 U.S. 517, 530-36 (1984); Daniels v. Williams, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional losses of property do not implicate due process); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivations of property do not violate due process if a meaningful post-deprivation remedy for the loss is available); see also 42 PA. CONS.STAT. ANN. § 8522(a), (b)(3) (common law action for conversion); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). To

the extent that plaintiff did not receive responses to his written inquiries concerning the confiscation of his property, he has adequate post-deprivation remedy in the form of a state court conversion action available to him.  Hudson, 468 U.S. at 535; Crosby v. Piazza, 465 F. App'x 168, 172 (3d Cir. 2012).

### IV.    Leave to Amend

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2).  Affording plaintiff an opportunity to amend would clearly be futile as he is unable to state a claim against either of the named defendants or any potential individual defendants.

### V.    Conclusion

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).   An appropriate order will issue.

        **BY THE COURT:**

        s/James M. Munley
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**

Dated:   August 12, 2016